DUNN *v.* DUNN.

| 132 | 461 |
| 149 | ¹641 |

1. Sale—Offer—Acceptance.
   An offer to sell lands at a certain price, and send the deeds to a bank on being informed that the price has been deposited, is not accepted by a letter directing the vendor to send the deeds, unaccompanied by evidence of the deposit required.

2. Same—Waiver of Terms—New Offer.
   An owner of lands, who had proposed to sell, and send the deeds to a bank on being informed that the price had been deposited, did not waive the deposit by sending deeds to the bank with instructions to deliver on receipt of the price within four or five days, but thereby made a new proposal.

3. Same—Withdrawal of Offer.
   An offer to sell lands if the price is paid within five days cannot be accepted by tendering the price after the five days, and after notice of the withdrawal of the offer.

Appeal from Alpena; Emerick, J. Submitted December 2, 1902. (Docket No. 41.) Decided March 23, 1903.

Bill by Lyman H. Dunn and Thomas T. Allen against Robert W. Dunn and George McNichol for the specific performance of a land contract. From a decree dismissing the bill, complainants appeal. Affirmed.

*Main J. Connine (William H. Simpson*, of counsel), for complainants.

*Henry K. Gustin (Charles R. Henry*, of counsel), for defendants.

HOOKER, C. J.   Robert W. Dunn, a resident of Chicago, was owner of the original title to a large tract of land in Michigan, which he had purchased from grantors who reserved certain kinds of timber thereon.   The complainant Allen claims to have contracted for the purchase of upwards of 22,000 acres of this land for an agreed price of $407, the deed to be made to complainant Lyman H. Dunn, and the complainants filed the bill in this cause to compel a specific performance of said contract.   The learned circuit judge dismissed the bill upon two grounds: (1) That the negotiations amounted to no more than an offer, and that the same was withdrawn before acceptance; (2) that the contract, if made, was unconscionable, and should not be enforced.

The important legal question relates to the alleged contract.   The negotiations were by letter, and, without discussing the correspondence in detail, it may be said that no agreement was reached prior to August 17, 1899, when Robert W. Dunn wrote to Allen that out of the 564 forties only 157 had been homesteaded, and that he would accept $1 per forty for those not homesteaded, and that, if Allen would agree to this, he (Dunn) would send deeds to the bank, on being informed by the bank that Allen had deposited $407 for him.   A few days later Allen wrote Dunn as follows:

"Your favor of 19th at hand.   You can send the deeds. Make them out to Lyman H. Dunn,   *   *   *   and send to the bank."

On August 25, 1899, Dunn wrote:

"Messrs. T. T. ALLEN & Co.,
        "Au Sable, Mich.
    "*Gentlemen:*   Your favor of Aug. 20th at hand.   As

you have already a list of the lands included in deed, this day sent to the bank, it, of course will not be necessary for you to take any considerable time before remitting. I inclose herewith copy of instructions to bank. I am holding off a deal in this land here in Chicago because of my agreement with you, but shall not consider myself bound longer than the time stated in the inclosed instructions. Please remit promptly.

"Yours truly,
"ROBT. W. DUNN."

Inclosed in this letter was a copy of a letter sent the bank, as follows:

"AUGUST 23, 1899.

"GOWANLOCK & DODDS, Bankers,
"Oscoda, Mich.

" *Gentlemen:* Herewith we inclose deed of the several tracts of land in Alcona Co., which please deliver to T. T. Allen upon remittance to me four hundred and seven dollars ($407). I do not care to have you hold this longer than four to five days, and, if not taken up before that time, kindly return to me.

"Thanking you for your favor, I am,
"Yours truly."

The deed referred to in this letter was sent to the bank, and on August 26th it was handed to Allen, to look over and compare the descriptions with a list that he had, with a request to attend to them, and send the money, as they were in a hurry. On Tuesday, the 29th of August, the cashier requested Allen to bring over the deed, because there was a mistake in it, and Allen did so, and delivered it to him. He afterwards refused to deliver it to Allen, saying that he had been instructed not to do so, which was true.

Did the request to send on the deed constitute an acceptance of an offer? We think not. It did not comply with the terms of the offer, because it was not accompanied by the evidence of the deposit required. It is true that the deed was sent in compliance with the request, but it is not clear that this was intended as a waiver of the deposit. The bank was authorized to deliver on pay-

ment, and within a limited time, not mentioned in the correspondence. This was a new offer, and it was communicated to Allen through a copy of the instructions. It cannot be said that Allen bound himself to accept this deed or take the land. He received the deed for comparison, and acceptance or rejection. Subsequently the deed was returned at the banker's request, and the court has found that this occurred, and that Allen was informed that it was ordered to be returned, before it was accepted. He did not accept the offer until he tendered his check. According to the testimony of the cashier, he received back the deed on August 29th, and the check was dated August 31st. The cashier was instructed, in the first place, not to hold the offer open more than four or five days; and, if his testimony is true, Allen was informed of his instructions not to deliver the deed before the 31st. The alleged tender was not made until after the expiration of four days, and the direction to the bank was not to hold longer than four or five days, as Allen knew. There is a conflict in the testimony regarding the time the tender was made, but we agree with the conclusion reached by the circuit judge.

The decree is affirmed, with costs of this court.

The other Justices concurred.